**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES <br><br> v. <br><br> Timothy Conrad <br><br> *Defendant* | CASE NO: 23-cr-137 |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

    The Defendant, Timothy Conrad, through counsel submits this Memorandum in Aid of Sentencing.  Mr. Conrad requests the Court to impose a sentence which properly reflects a (final) determination of the Advisory Sentencing Guidelines  as well as the other 18 U.S.C. §3553(a) factors.  Accordingly, the defense request that Mr. Conrad be sentenced to 97 months on Count 1 and 60 months (the mandatory minimum sentence) on Count 2.

### I.    Case Background

    The defendant, Timothy Conrad, has acknowledged culpability and entered a plea of guilty to Counts 1 and 2 of the Superseding Information. These charges include: (1) Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951, and (2) Possessing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). A total of 16 Co-Defendants were involved in a series of robberies spanning from January 2022 to August 2023. Among them, Mr. Conrad accepted responsibility for four robberies that took place in New Jersey, Pennsylvania, and Washington, DC.  On the date of May 31, 2024, my client, Mr. Conrad, willingly and

unequivocally took upon himself the entirety of his involvement in four separate instances of robbery. It is to be duly noted that he was the second party to assume such responsibility, preceded only by another individual who had done so on May 29, 2024.

## II. Criminal Offense Level

The final PSR issued on September 23, 2024 and the Defense agrees that his offense level is 30.

## III. Criminal History Score

The final Pre-Sentence Report (PSR) accurately calculated the defendant's criminal history score based on his past convictions. This score was primarily influenced by two prior convictions: a 2015 conviction for firearm possession and a 2013 conviction for possession of marijuana. Given an offense level of 30 and a criminal history score of II, the defendant's guideline range falls between 108 and 135 months.

The defense respectfully urges the court to disregard the one point associated with the marijuana conviction based on two primary reasons. First, the possession of marijuana is no longer deemed a criminal offense in the District of Columbia.  Mr. Conrad would be eligible to have this conviction sealed and not part of his public record pursuant to D.C. Code § 16–803.02 which provides in pertinent part that

> " (a) A person arrested for, charged with, or convicted of a criminal offense pursuant to the District of Columbia Official Code or the District of Columbia Municipal Regulations that was decriminalized or legalized after the date of the arrest, charge, or conviction may file a motion to seal the record of the arrest, charge, conviction, and related Superior Court

Page **2** of **12**

proceedings at any time."

It is clear that pursuant to See PSR ¶ 113 "…

> "He was rolling a green leafy substance inside a clear plastic baggie. When officers exited their vehicle, they could smell marijuana. When the officer stopped the defendant, he became unruly and began to yell. As the defendant tried pushing the substance deeper into his pants, it fell down his pants leg. Mr. Conrad stated, "Its only little bit of Jay!"

The second reason the Defense believes that the Court should not count this conviction against the Defendant is because President Biden issued a proclamation to pardon certain marijuana offenses.  The new pardon includes "additional offenses of simple possession and use of marijuana under federal and D.C. law," the President stated in a press conference.  The proclamation includes offenses related to "use and possession on certain Federal lands," provisions that weren't covered by the 2022 proclamation. (See https://www.nbcnews.com/politics/white-house/biden-issue-pardons-certain-marijuana-offenses-rcna130876) (See https://www.whitehouse.gov/briefing-room/presidential-actions/2023/12/22/a-proclamation-on-granting-pardon-for-the-offense-of-simple-possession-of-marijuana-attempted-simple-possession-of-marijuana-or-use-of-marijuana/).  The Defense concedes that Mr. Conrad did not petition for a presidential pardon but it would appear as though he meets the criteria.  If the Court disregards this additional point for the marijuana possession Mr. Conrad score would be 97-121.

For Count Two, the guideline sentence is 60 months, to be served consecutively with any other sentence. Therefore, the estimated guideline range is 157 – 181 months.

### IV.   Legal Standard – The Post-Booker Sentencing - Framework And The Guidelines Are Not Mandatory

The Court possesses significant discretion to consider various factors in determining a suitable sentence for a particular case and defendant. In early 2005, the United States Supreme Court in <u>United States v. Booker</u> 543 U.S.220, 125 S.Ct. 738, 160 L. Ed 2d 621 (2005) declared that the Guidelines are now considered advisory, rather than mandatory. The Court's consideration of the Guidelines has been altered following the Booker case, as they no longer hold precedence over other sentencing factors listed in 18 U.S.C. §3553(a). Thus, while still relevant, the Guidelines do not carry any greater weight. In light of this, the Defense respectfully requests that the Court take into account the defendant's single conviction of possession of marijuana from ten years ago and consider reducing his current criminal history score from 2 to 1.

This shift in perspective allows the Court to focus on the primary sentencing mandate of §3553 (a), which is to impose the least amount of imprisonment necessary to achieve the statutory purposes of punishment - justice, deterrence, incapacitation, and rehabilitation. In other words, the Court should aim to impose a sentence that is sufficient but not excessive, in line with the goals set forth in §3553(a)(2). This serves as a limit for the Court, preventing them from imposing a sentence that is significantly greater than necessary, even if the advisory sentencing guidelines suggest otherwise. (Include citation to Denarli case).

Furthermore, in the cases of <u>Kimbrough v. United States</u>, 552 U.S. 85, 128 S.Ct. 558 (2007) and <u>Gall v. United States</u>, 552 U.S. 38 (2007), the Supreme Court emphasized that the sentencing guidelines are simply one tool among

many that the Court must consider in determining a just sentence. This means that the guidelines cannot be used as a substitute for the Court's independent judgment based on consideration of all statutory factors outlined in 18 U.S.C. §3553 (a).   This Court has authority to disagree with a guideline recommendation as a matter of policy. Id. at 101-102 (citing Rita v. United States, 551 U.S. 338, 351 (2007)).

V.     **18 U.S.C. §3553 Factors**

18 U.S.C. § 3553(a) mandates that a court "impose a sentence sufficient, but not greater than necessary, to comply with" federal sentencing goals. In imposing a sentence that is "sufficient, but not greater than necessary," the court should look to the statutory factors listed under Section 3553. These factors include:

**A.  Nature and Circumstances of the Offense**

1. **NOVEMBER 10, 2022 - Baral Jewelers and Gift Center ("Baral"), located at 5450 Derry St., #3, Harrisburg, Pennsylvania**

The defendant travelled from Washington, DC to 5450 Derry Street in Harrisburg, PA, a distance of approximately 2.5 hours. He did not accompany the other members of the conspiracy into the store. His involvement in the robbery was strictly as a contingency plan in case of any complications. His role was minor and peripheral in the actual execution of the crime.  Mr. Conrad did not convert the proceeds to cash.   While Mr. Conrad was not in the position to determine the value of monies stolen from Baral Jewelers but received some of the

proceeds from the robbery.

**2. NOVEMBER 27, 2022- Sara Emporium Jewelry, located at 787 Newark Ave., Jersey City, New Jersey**

The Defendant travelled from Washington, DC to 787 Newak Avenue, Jersey City, New Jersey a distance of approximately 4 hours. Like the prior robbery on November 10, 2022 Mr. Conrad was limited to the second vehicle and did not enter the store.  Mr. Conrad's role was limited to a distraction if necessary.  While Mr. Conrad was not in the position to determine the value of monies stolen from Sara Emporium Jewelers but received some of the proceeds from the robbery.

**3. DECEMBER 22, 2022 - Chintamani's Jewelers ("Chintamani's") at 3191 Route 27, Franklin Park, New Jersey**

The Defendant travelled from Washington, DC to 3191 Franklin Park, New Jersey approximately 3 hours away from Washington, DC. Like the prior robberies Mr. Conrad's role was limited to being a distraction to the robbery if it became necessary.   Again, while Mr. Conrad was compensated for his role in driving one of the vehicles, he was not in a leadership role.   In fact, one of the conspirators involved in this matter was later killed in an automobile accident.  Mr. Conrad was not in the position to determine the value of monies stolen from Chintamani 'Jewelers but received some of the proceeds from the robbery.

4. **August 4, 2023 - Jolie Jewlery ("Jolie") at 1754 Columbia Road NW, Washington, D.C.**

The Defendant was living in Washington Metropolitan area at this time and admits his role in stealing value from the Jolie Jewelry store. Finally, he admits that he received some proceeds from this robbery but does not remember the exact amount of money received.

B. **History and Characteristics of the Defendant**

In accordance with 18 U.S.C. § 3553(a), the Court must duly contemplate the defendant's unique background and character, as well as the specific circumstances and gravity of the offense, in determining an appropriate sentence. Such a sentence should not exceed that which is necessary to instill reverence for the law, mete out just retribution and rehabilitation, serve as a deterrent, safeguard the community, facilitate restitution to victims, and eliminate unjustifiable disparities among similarly situated offenders. It is noteworthy that the Court bears no restriction as to the factors it may consider, and may exercise its discretion to weigh any pertinent factors when fashioning a tailored and equitable sentence.

Timothy Marquette Conrad is 34 years old. His father, Mr. James Conrad, was the cornerstone of his character until his passing in October 2019 at the age of 87. Timothy's mother, Ms. Marilyn Johnson, remains a strong presence in his life.

The defendant has five siblings. Janice Conrad (paternal) is in her early fifties in Pennsylvania.  Calvin Johnson (maternal) is 44 and has his own

electrical business in Washington, DC. Kevin Johnson (maternal) is 42 and works for a company that repairs streetlights. Thomas Conrad is the defendant's 33-year-old twin who lives in Maryland and works for Calvin. Defendant Conrad's criminal records sometimes listed his twin's information. Kenya Johnson (maternal) is 21, is a District of Columbia Public School teacher who also owns a bar/lounge and marijuana dispensary in Washington, DC.

Mr. Conrad's mother struggled financially to provide for him and his siblings. They lived in a violent and crime-ridden neighborhood at 118 Irvington Street, SE, Washington, DC.

i. Child-Hood Trama

Mr. Conrad was molested between the ages of revealed that between ages of seven to nine, his babysitter had subjected him to inappropriate touching. This horrific conduct still bothers Mr. Conrad to this day. . Reportedly, the defendant's mother filed a police report, although the outcome is unknown.

ii. Current Family

Mr. Conrad has three children from three different relationships. He has a 13-year-old daughter who lives with her mother in Washington, DC. Prior to incarceration He sees her regularly. He also has an 11-year-old daughter who lives with her mother, but he does not see her often due to disagreements. He believes he is court-ordered to pay child support for her. He also has a three-year-old son who lives with his mother in Maryland. Mr. Conrad is from the Washington, DC area and plans to live with his mother after his release. One of his children's mothers may also

have a house where he can stay.

iii.     Attempted Murder on His Life  6 Times

Mr. Conrad, who has endured numerous attempts on his life and miraculously survived. His family is deeply pained by the traumatic experiences he has faced, and it is evident that his mental state has been greatly affected. Despite his physical resilience, Mr. Conrad's mind remains fragile and plagued with nightmares, anxiety, and extreme depression. During his time in incarceration, he consistently sought mental health support, but his emotions continue to fluctuate, with moments of stability after speaking with his fiancé and bouts of severe depression. The pre-sentence report confirms his hospitalization for suicidal tendencies, a clear indication of his urgent need for professional help.  While Undersigned has no mental health training there is no question that he suffers from a severe stress disorder, most likely stemming from the repeated attempts on his life.

**C. Respect for the Law and Deterrence**

Mr. Conrad was the second individual to admit culpability. He pled guilty early on, despite the Government's offer of 168 months. This decision was not swayed by the fact that some of his co-defendants are facing lesser sentences because he may have a higher criminal history score.   He acknowledged his involvement in the heinous acts depicted in the video footage of the jewelry store robberies and expressed deep remorse. While he admits receiving only a small portion of the proceeds, he takes full responsibility for his actions. He attributes his involvement to

a follower mentality. Considering his personal background and qualities, it is unlikely that he will engage in any further deceitful, reprehensible, or unlawful activities. There are several reasons to believe that Mr. Conrad will not resort to criminal behavior in the future, including the support of his loved ones, the potential others have seen in him, and his own optimistic outlook for the future. All of these factors point to a promising outcome for Mr. Conrad's rehabilitation and successful reintegration into society.

D.  **The Need to Avoid Unwarranted Sentencing Disparities, and Impose A Sentence That Reflects The Seriousness of the Offense**

As the first individual to be sentenced[1] in this complex and far-reaching case, Mr. Conrad's fate will no doubt set a significant precedent for the remaining defendants. It is essential, therefore, that the Court take into account not only the severity of his offenses, but his limited role in the robberies.   Furthermore, looking at Mr. Conrad's role in the conspiracy.  Mr. Conrad appears to be limited to driving the vehicles to and from the robberies.  While there is an acknowledgement that he is responsible for the acts of his fellow conspirators, all conspirators are not created equal and the role in the conspiracy the Court should look at in determining the appropriate sentence.   Mr. Conrad's minimal involvement in the premeditation of the robbery, coupled with his lack of substantial financial benefit in comparison to others, the relative timing of his guilty plea, and his commendable personal traits, a strong support system, and

---

1 Co-Defendant, Delonte Martin, District of Columbia case was dismissed as part of a plea agreement in the United States District Court Middle District of Florida. He was also sentenced to 24 months on Count 1 in violation of 18 U.S.C. §§ 195l(a) and 84 months on Count 2 in violation of 18 U.S.C. §§ 924(c)(l)(A)(ii) for a total of 108 months.

potential for lawful employment upon release, all serve to mitigate his culpability in this matter.

Furthermore, the early plea and acceptance of responsibility and the fact that the government agreed to the low end of the guidelines the Court should grant the Defense request for a 151 month sentence.

## IV.     TOTALITY OF THE FACTORS - CONCLUSION

Mr. Conrad's criminal convictions, while undoubtedly serious, must be contextualized within his personal circumstances. His mental health struggles and challenging life conditions significantly contributed to his actions. At the time of his arrest, Mr. Conrad was making sincere efforts to rebuild his life, securing stable employment with a respectable hourly wage. His involvement in the criminal justice system appears to be less a matter of deliberate malfeasance and more a consequence of his susceptibility to external influences, given his tendency to follow rather than lead. This given context presents a case for a more empathetic approach towards the defendant's sentencing, proposing a sentence lower than the recommended guidelines. It suggests that the Court exercise its discretion and overlook the extra point for marijuana possession, instead imposing a sentence of 97 months for Count 1 and 60 months for Count 2.

Respectfully submitted,
ROLLINS AND CHAN

/s/

_____<br>
Mark Rollins<br>
DC Bar Number: 453638<br>
Counsel for Timothy Conrad<br>
419 7TH Street, NW<br>
Suite 405<br>
Washington, DC 20004<br>
Telephone No. 202-455-5610<br>
Direct No: 202-455-5002<br>
mark@rollinsandchan.com

**Date Filed:** September 24, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024 this motion was electronically filed pursuant to the rules of the Court.

/s/
_____
Mark Rollins